IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CARTEL ASSET MANAGEMENT,
INC., a Colorado corporation,

   Plaintiff,

     v.

ALTISOURCE PORTFOLIO
SOLUTIONS, S. A. a corporation
chartered under the laws of the Grand
Duchy of Luxembourg, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:11-CV-2612-TWT

ORDER

This is a misappropriation of trade secrets action. It is before the Court on the Defendants Altisource Solutions, Inc., Altisource Portfolio Solutions, Inc., Altisource US Data, Inc., and Altisource Valuation Advisors, Inc.'s (collectively "Subsidiary Defendants") Motion to Dismiss [Doc. 21] pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons set forth below, the Court DENIES the Defendants' Motion to Dismiss [Doc. 21].

I. Background

The Plaintiff, Cartel Asset Management, Inc. ("CAM") developed a trade secret (the "Trade Secret")–a confidential list of experienced, responsive and competent

Realtors who produce high-quality broker price opinions ("BPOs") at acceptable prices. (Am. Compl. ¶ 10.) In 2000, Ocwen Federal Bank ("OFB"), which was a large customer of CAM, began to secretly copy the names and contact information of Realtors identified on BPOs that OFB purchased from CAM. (Am. Compl. ¶ 13.) OFB then embedded the stolen information into its own incomplete database of BPO providers. (Am. Compl. ¶¶ 13-14.) As a result, OFB had Realtors in its BPO database (the "Database") that were identified as a direct result of the theft of the Trade Secret, and was further able to find additional Realtors via referrals from the original Realtors ("Derivative Brokers"). (Id.) CAM sued OFB and its affiliates for theft of the Trade Secret under the Colorado Uniform Trade Secrets Act ("CUTA") in the United States District Court for the District of Colorado. (Am. Compl. ¶ 30.) In 2004, a jury awarded CAM compensatory and punitive damages. (Am. Compl. ¶ 31.) While the judgment was on appeal, Ocwen Financial Corporation ("OFC") dissolved OFB and transferred the Database to its wholly-owned subsidiary, Ocwen Loan Servicing, LLC ("OLS"). (Am. Compl. ¶¶ 15-16.) OLS and/or OFB continued to use and profit from CAM's Trade Secret and OLS was added as a defendant after the Tenth Circuit remanded for a new trial on damages. (Am. Compl. ¶ 33.) In September 2010, a jury returned a verdict in CAM's favor for more than $12.72 million in compensatory and punitive damages based on the theft of the Trade Secret. (Am. Compl. ¶¶ 33, 35.)

This jury verdict covered the period until August 10, 2009. On August 10, 2009, OFC transferred the BPO product line and the Database to Altisource Portfolio Solutions, S.A. ("APS"). (Am. Compl. ¶¶ 17, 28, 35-37.)

CAM filed a Complaint in this Court on August 8, 2011, asserting that APS and the Subsidiary Defendants misappropriated its Trade Secret [Doc. 1], and amended the Complaint on September 14, 2011 [Doc. 16]. Both the Subsidiary Defendants and APS filed Motions to Dismiss [Docs. 20 & 21]. The Subsidiary Defendants' Motion to Dismiss [Doc. 21] asks the Court to dismiss the Plaintiff's CUTA claim against it on the grounds that the Plaintiff fails to state a plausible claim for relief.

## II.   Motion to Dismiss Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev.

Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 127 S. Ct. at 1964).

### III. Discussion

The Plaintiff states a plausible claim for relief against the Subsidiary Defendants, satisfying Rule 12(b)(6). The Plaintiff alleges that OFC, OFB, and OLS misappropriated the Trade Secret by using the Trade Secret and Derivative Brokers to develop a BPO provider database (the "Database"), which they continued to use even after a jury found these actions to be in violation of CUTA. The Plaintiff alleges that OFC then transferred the Database to APS. It is plausible that APS continues to derive use from the Database.[1] It is also plausible that APS' subsidiaries, at least some of which tender APS' BPO services (according to APS' website and Form 10-K), and

---

[1] The fact that there is substantial overlap in the management group of Ocwen Financial Corporation and APS lends a little more credibility to the notion that APS is conducting business in a similar way to Ocwen. (Am. Compl. ¶¶ 20-24.)

which also work at the office from which APS states that its BPO services are rendered, are using the Database. (Am. Compl. ¶ 27.)

The Complaint does not state which subsidiaries did what and when; it details no specific actions. Yet, the Court believes that the Complaint states "enough facts to state a claim for relief that is plausible on its face." Speaker v. U.S. Dep't of Health & Human Servs., 623 F.3d 1371, 1380 (11th Cir. 2010) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The Plaintiff's lack of knowledge regarding which subsidiary is using the Database is not fatal to its case at the Motion to Dismiss stage. See, e.g., Speaker, 623 F.3d at 1385 (finding that plaintiff satisfied Rule 12(b)(6)'s plausibility standard even though he did not know whether the defendant "or a very limited number" of others had performed the actions that were alleged in the complaint).

## IV. Conclusion

For the reasons set forth above, the Court DENIES the Defendants' Motion to Dismiss [Doc. 21].

SO ORDERED, this 1 day of December, 2011.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge